# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2026

Lyle W. Cayce
Clerk

_____

No. 25-60439

_____

Terrence Lee Wogan, II; Heather Lee Wilkes,

*Plaintiffs—Appellees*,

*versus*

April Rose, *Ridgeland Police Officer, Official capacity and Individual capacity*; Sergeant Hunter Bridges, *Ridgeland Police Officer, Official capacity and Individual capacity*; K-9 Officer Ben Johnson, *Ridgeland Police Officer, Official capacity and Individual capacity*,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CV-431

_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

*Pro se* Appellees Terrence Lee Wogan and Heather Lee Wilkes sued three police officers, alleging an unlawful search and detention after the officers found them asleep in their car in a mall parking lot in the middle of the night. The district court denied qualified immunity to the officers, finding

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60439

no reasonable suspicion for an extended stop that involved a dog sniff. On appeal, the officers argue they are entitled to qualified immunity. We agree and therefore REVERSE and RENDER judgment dismissing Appellees' Fourth Amendment claims on the basis of qualified immunity.

I

At 2:38 a.m. on July 26, 2021, Appellant Officer April Rose was performing a beat check at a mall in Ridgeland, Mississippi, when she noticed Appellees Wogan and Wilkes asleep in their car in the mall parking lot. Appellees explained to Officer Rose that they had pulled off the interstate into the parking lot because they were getting sleepy. As Officer Rose was asking questions, she noticed an empty Fireball whiskey bottle in the backseat. Appellees denied drinking any whiskey that night. Several minutes later, Appellants Officer Hunter Bridges and K-9 Officer Ben Johnson arrived on the scene. Officer Johnson conducted a dog sniff, which led to a positive alert for narcotics. The Officers then searched the car. When they found drug paraphernalia in Wilkes's purse, they arrested her.[1]

Appellees sued Officers Rose, Bridges, and Johnson on various federal and state law claims. The district court dismissed all claims except two Fourth Amendment claims. First, the court held that the "facts alleged in the complaint . . . are sufficient to state a claim against [Officers] Rose and Bridges for unlawful detention in violation of plaintiffs' Fourth Amendment rights and to overcome . . . qualified immunity." The court explained that Officers Rose and Bridges allegedly detained Appellees too long without reasonable suspicion of criminal activity, "which could reasonably be found to be longer than was reasonably necessary." Second, the court held that

---

[1] Wilkes was charged with possession of drug paraphernalia, but that charge was later dismissed.

2

Officer Johnson was "obviously" not entitled to qualified immunity as to the Fourth Amendment unreasonable search claim because he allegedly manufactured a "positive alert" during the dog sniff to find probable cause to search the vehicle.

The Officers moved to dismiss those two remaining claims, arguing they properly extended the stop because Officer Rose noticed an empty alcohol bottle in the car in violation of Ridgeland's open container ordinance. The district court denied that motion.

The Officers appeal.

## II

We have jurisdiction to review the denial of qualified immunity under the collateral-order doctrine. *Harris v. Clay Cnty.*, 47 F.4th 271, 275 (5th Cir. 2022); *Hinojosa v. Livingston*, 807 F.3d 657, 663 (5th Cir. 2015); *see* 28 U.S.C. § 1291. Appellees dispute our jurisdiction, contending the collateral-order doctrine does not apply because the district court's ruling relied on "unresolved" factual disputes. They are mistaken. We have repeatedly explained that, even when factual disputes remain, we have jurisdiction to determine whether those disputes are "material to the application of qualified immunity." *Harris*, 47 F.4th at 271 (emphasis omitted) (quoting *Samples v. Vadzemnieks*, 900 F.3d 655, 660 (5th Cir. 2018)); *Walton v. City of Verona*, 82 F.4th 314, 320 (5th Cir. 2023). Accordingly, we may consider whether the Officers are entitled to qualified immunity "despite the factual disputes in the record." *Walton*, 82 F.4th at 320.

We review *de novo* the denial of qualified immunity on a motion to dismiss. *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023). Qualified immunity shields government officials from civil liability "unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664

(2012). Thus, to overcome a defense of qualified immunity, a plaintiff must show that the official "violated a constitutional right" that was "clearly established at the time of the official's challenged conduct." *Bakutis v. Dean*, 129 F.4th 299, 303 (5th Cir. 2025).

## III

A stop violates the Fourth Amendment if it is prolonged beyond the time reasonably required to resolve the matter that occasioned the stop. *Rodriguez v. United States*, 575 U.S. 348, 354–55 (2015). But if the officer "develops reasonable suspicion of additional criminal activity, . . . he may further detain the occupants of the vehicle for a reasonable time while appropriately attempting to dispel this reasonable suspicion." *United States v. Andres*, 703 F.3d 828, 833 (5th Cir. 2013) (citations omitted). Reasonable suspicion exists when the officer "can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the search and seizure." *United States v. Zuniga*, 860 F.3d 276, 281 (5th Cir. 2017).

Applying *Rodriguez*, the district court ruled that the Officers unreasonably prolonged the stop by conducting a dog sniff. The Officers disagree. They argue they properly extended the stop because Officer Rose had reasonable suspicion to believe Appellees had violated Ridgeland's open container ordinance. That ordinance makes it unlawful "for the driver and/or passenger of a motor vehicle . . . to have on his person or in his possession, beer, light wine or an alcoholic beverage in an open container. . . ." Ridgeland Ordinance No. 200119, § V, Sec. 6-5.[2] To support

---

[2] The ordinance can be found at https://library.municode.com/ms/ridgeland/codes/code_of_ordinances?nodeId=CO_CH6ALBE_S6-5OPCO    [https://perma.cc/V453-ZTBM].

their argument, they point to two facts: (1) the empty liquor bottle in the car, and (2) Wogan's admission that he had parked at the mall because he was getting sleepy.

We agree with the Officers. Even where it is not part of the initial stop, a dog sniff does not unreasonably prolong the stop if reasonable suspicion of additional criminal activity justifies it. *Cf. United States v. Spears*, 636 F. App'x 893, 901 (5th Cir. 2016) (citing *Rodriguez*, 575 U.S. at 353–57) (waiting to conduct dog sniff permissible if supported by reasonable suspicion of further criminal activity). It was reasonable for Officer Rose, after hearing of Wogan's drowsiness and upon discovering a liquor bottle in the vehicle, to suspect that Appellees had violated Ridgeland's open container ordinance. *See, e.g.*, *United States v. Agena*, 138 F.4th 1063, 1068 (8th Cir. 2025) ("[T]he open container violation was sufficient to establish reasonable suspicion of criminal activity. . . . [I]t was reasonable for them to extend the stop in order to investigate."); *United States v. Patterson*, 852 F. App'x 1004, 1007 (6th Cir. 2021) (officer "certainly had reasonable suspicion to justify further detention of the vehicle" after seeing open alcohol container in backseat).

It makes no difference that the whiskey bottle was empty, as Appellees argue. Adopting the district court's reasoning, they argue that an empty liquor bottle could not have raised reasonable suspicion of criminal activity because the ordinance requires liquid to be in the bottle. The ordinance's text does not support that counterintuitive reading. Regardless, it was reasonable for Officer Rose to believe that Appellees had recently consumed the whiskey or that more bottles may have been in the car. And Officer Rose could have reasonably extended the stop to investigate whether the bottle contained alcohol anyway. *See Agena*, 138 F.4th at 1068. Officer Rose thus had reasonable suspicion that additional criminal activity may have been afoot, justifying a prolonged stop.

Officer Rose's reasonable suspicion extends to Officer Bridges, who helped search Appellees' car, and Officer Johnson, who conducted the dog sniff, under the doctrine of collective knowledge. *Zuniga*, 860 F.3d at 283. Under that doctrine, "an officer initiating the stop or conducting the search need not have personal knowledge of the evidence that gave rise to the reasonable suspicion or probable cause, so long as he is acting at the request of those who have the necessary information." *Ibid.* Appellees do not deny that the Officers could have relied on the collective knowledge doctrine to transfer reasonable suspicion, and the cases they cite do not dispute this. Accordingly, we conclude that the Officers did not subject Appellees to an unlawful detention or search in violation of their Fourth Amendment rights.

This means that Appellees cannot satisfy the first prong of qualified immunity, namely that they suffered a constitutional injury. But even if they could, they have not carried their burden of pointing us to any cases showing the Officers' conduct violated clearly established law. Nor did the district court cite any such precedent. The Officers were therefore entitled to qualified immunity.

We REVERSE the district court's judgment and RENDER judgment dismissing Appellees' Fourth Amendment claims on the ground of qualified immunity.